# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

**In Re:**

ETG CORPORATION dba
SKYSTAR AIRCRAFT
CORPORATION dba
WEST WIND CORPORATION,

**Debtor.**

**Bankruptcy Case
No. 05-05344**

_____

## MEMORANDUM OF DECISION

_____

**Appearances:**

    Randall Peterman, MOFFATT THOMAS BARRETT ROCK & FIELDS, Boise, Idaho, Attorney for Reed and Plumb.

    Kimbell Gourley, JONES, HESS, FUHRMAN & EIDEN, Boise, Idaho, Attorney for Trustee

    Richard Crawforth, Boise, Idaho, Chapter 7 Trustee.

    Jeffrey G. Howe, Office of the U.S. Trustee, Boise, Idaho.

    Chapter 7 Trustee Richard Crawforth has filed an application asking the Court to approve his employment of Phil Reed as a special marketing consultant. Docket Nos. 27, 28. Mr. Reed is also one of the corporate Debtor's

MEMORANDUM OF DECISION - 1

largest creditors. Trustee contends that Mr. Reed is the only person available at this time with the expertise needed to assist Trustee in selling Debtor as a going concern, which he argues is necessary to maximize the value of Debtor's assets. While not filing a formal objection, the United States Trustee contends Mr. Reed is not eligible for employment as a professional for the bankruptcy estate because he is not disinterested as required by the Bankruptcy Code.

At the conclusion of a hearing on Trustee's application held February 8, 2006, the Court took under advisement the issue of whether the Court has discretion under § 327 to approve employment of a person who is not disinterested. The parties were permitted to file briefs by February 10, 2006, but no briefs were filed.

The Court concludes it lacks discretion to disregard the requirements of § 327(a) of the Bankruptcy Code requiring disinterestedness by estate professionals. The following constitutes the Court's findings and conclusions. Fed. R. Bankr. P. 9014.

**Factual Background**

Mr. Reed founded and operated a business known as Skystar, which he sold to Debtor in 2000. As part of the sale, Debtor gave Mr. Reed a promissory note for $307,788. Verified Statement of Special Marketing Consultant at 6, Ex.

MEMORANDUM OF DECISION - 2

28. The promissory note was later amended, and Debtor currently owes Mr. Reed $360,575.88. Mr. Reed is also one of the two owners of Saber River Development, LLC, the company from which Debtor was leasing its principal place of business. Verified Statement of Special Marketing Consultant at 7, Ex. 28. Additionally, Saber River guaranteed an unsecured loan made to Debtor in the amount of $275,000. Verified Statement of Special Marketing Consultant at 7, Ex. 28. At this time Trustee is also negotiating with Mr. Reed regarding a potential preference arising from the relationship between Mr. Reed and Debtor regarding the above transactions. There is no doubt that Mr. Reed holds prepetition claims against Debtor.

## Disposition

The Bankruptcy Code allows, subject to court approval, the employment of professional persons by the trustee "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a). A disinterested person is defined in part as, "<u>not a creditor</u>, an equity security holder, or an insider." 11 U.S.C. § 101(14)(A) (emphasis added). A creditor is an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor[.]" 11 U.S.C. § 101(10)(A).

MEMORANDUM OF DECISION - 3

"Code Sections 327(a) and 101(14) explicitly provide that a professional with a prepetition claim against the debtor cannot qualify as disinterested." *In re CIC Inv. Corp.*, 175 B.R. 52, 56 (9th Cir. BAP 1994). "The code is unambiguous and equity is not available to vary this result." *In re Dugger*, 99.1 I.B.C.R. 30, 32 (Bankr. D. Idaho 1999) (citing *In re CIC Inv. Corp.*, 175 B.R. 52); *See also In re Triple Star Welding, Inc.*, 324 B.R. 778, 790 (9th Cir. BAP 2005) (stating, "Section 327(a) 'clearly states that the court cannot approve the employment of a person who is not disinterested' and '[b]ankruptcy courts cannot use equitable principles to disregard unambiguous statutory language.'").

> As the Court and the BAP have observed:
>
> This court is not inclined to measure a degree of disinterestedness or interestedness to see whether it is sufficient to qualify or disqualify. A lack of disinterestedness on the part of a professional . . . is, without any exception known to this court, a disqualifying fact.

*In re Dugger*, 99.1 I.B.C.R. at 32 (Bankr. D. Idaho 1999) (quoting *In re CIC Inv. Corp.*, 175 B.R. at 56). The same is true in this case. Mr. Reed is a creditor of the Debtor; his limited liability company, Saber River, is likely another creditor. Mr. Reed is not disinterested under § 101(14)(A), and his employment by the trustee is precluded by § 327(a). The law in this Circuit is clear that the Court

MEMORANDUM OF DECISION - 4

lacks discretion to ignore the plain meaning of the Code's disinterestedness requirement simply because the creditors may benefit in this particular case.[1]

## Conclusion

The Application to Employ Phil Reed as Special Marketing Consultant will be denied by separate order.

Dated: February 27, 2006

*[signature]*

Honorable Jim D. Pappas
United States Bankruptcy Judge

---

[1] Because he is disqualified from employment in his status as a creditor, the Court need not, and does not, decide whether the trustee's potential preference claim against Mr. Reed renders him further disqualified from employment under § 327(a) as holding "an interest adverse to the estate . . . ."

MEMORANDUM OF DECISION - 5